UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MURIELLE PIERCE,
Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. HISHAM A. ALKHTRY [TAX REG. #977464], P.O. HARRIS N. BUTT [TAX REG. #977068], P.O. MICHAEL J. DONZA [TAX REG. #974071], P.O. THOMAS A. GARGIULO [TAX REG. #969085], LIEUTENANT KATHERINE M. KIEFER [TAX REG. #952930], SERGEANT JUNED M. KHAN [TAX REG. #948062], P.O. ANDREW A. SCHMUTZLER [TAX REG. #949637], P.O. NICHOLAS R. SHAGIRI [TAX REG. #975816], P.O. MDMOHIDUL M. SHARIF [TAX REG. #972953], P.O. BRIA S. WILKINS [TAX REG. #976480], DEPUTY INSPECTOR MOBEEN YASIN [TAX REG. #948285], NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, PAUL LAVADERA, MD, KIRAN RAJA, MD, SOCHIMA EZEUDE, RN, and JOHN DOE AND JANE DOE #1-7 (the names John and Jane Doe being fictitious, as the true names are presently unknown),
Defendants.
---------------------------------------------------------------------X

Case No. 26 CV

**COMPLAINT**

JURY DEMAND

Plaintiff, MURIELLE PIERCE, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Hisham A. Alkhtry [Tax Reg. #977464], P.O. Harris N. Butt [Tax Reg. #977068], P.O. Michael J. Donza [Tax Reg. #974071], P.O. Thomas A. Gargiulo [Tax Reg. #969085], Lieutenant Katherine M. Kiefer [Tax Reg. #952930], Sergeant Juned M. Khan [Tax Reg. #948062], P.O. Andrew A. Schmutzler [Tax Reg. #949637], P.O. Nicholas R. Shagiri [Tax Reg. #975816], P.O. Mdmohidul M. Sharif [Tax Reg. #972953], P.O. Bria S. Wilkins [Tax Reg. #976480], Deputy Inspector Mobeen Yasin [Tax Reg. #948285], New York City Health and Hospitals Corporation, Paul Lavadera, MD, Kiran Raja, MD, and Sochima Ezeude, RN, and John Doe and Jane Doe #1-7 (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of Brooklyn, County of Kings, City and State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant P.O. Hisham A. Alkhtry [Tax Reg. #977464] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant P.O. Harris N. Butt [Tax Reg. #977068] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

9. Defendant P.O. Michael J. Donza [Tax Reg. #974071] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant P.O. Thomas A. Gargiulo [Tax Reg. #969085] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant Lieutenant Katherine M. Kiefer [Tax Reg. #952930] was at all times material herein a lieutenant employed by the NYPD. She is named here in her official and individual capacities.

12. Defendant Sergeant Juned M. Khan [Tax Reg. #948062] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13. Defendant P.O. Andrew A. Schmutzler [Tax Reg. #949637] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14. Defendant P.O. Nicholas R. Shagiri [Tax Reg. #975816] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15. Defendant P.O. Mdmohidul M. Sharif [Tax Reg. #972953] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16. Defendant P.O. Bria S. Wilkins [Tax Reg. #976480] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

17. Defendant Deputy Inspector Mobeen Yasin [Tax Reg. #948285] was at all times material herein a deputy inspector employed by the NYPD. He is named here in his official and individual capacities.

18. Defendant New York City Health and Hospitals Corporation (hereinafter referred to as “NYCHHC”) was, and still is, a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

19. The New York City Health and Hospitals/Kings County (hereinafter referred to as "Kings County Hospital Center") a medical facility and/or hospital owned, operated, maintained, managed, and controlled by NYCHHC located at 451 Clarkson Avenue, Brooklyn, New York 11203.

20. Defendant Paul Lavadera, MD was at all times material herein employed by NYCHHC as a physician and was assigned to Kings County Hospital Center. He is named here in his official and individual capacities.

21. Defendant Kiran Raja, MD was at all times material herein employed by NYCHHC as a physician and was assigned to Kings County Hospital Center. He is named here in his official and individual capacities.

22. Defendant Sochima Ezeude, RN was at all times material herein employed by NYCHHC as a resident nurse and was assigned to Kings County Hospital Center. She is named here in her official and individual capacities.

23. Defendants Alkhtry, Butt, Donza, Gargiulo, Kiefer, Khan, Schmutzler, Shagiri, Sharif, Wilkins, Yasin, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

24. Defendants Lavadera, Raja, Ezeude, and John Doe and Jane Doe are collectively referred to herein as "physician defendants"

25. Defendants John Doe and Jane Doe #1-7 were at all times material herein individuals and/or officers employed by the NYPD and/or Kings County Hospital Center. They are named here in their official and individual capacities.

26. Defendant officers and physician defendants are collectively referred to herein as "individual defendants".

27. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

<u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

28. On or about November 30, 2024, at approximately 8:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the

intersection of Albany Avenue and Winthrop Street, Brooklyn, New York, and charged plaintiff with various crimes.

29. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

30. Prior to the arrest, was returning home from work when her vehicle was struck by another vehicle while she was stopped behind an illegally double-parked vehicle waiting for oncoming traffic to pass.

31. Plaintiff's airbag deployed upon impact hitting her on her head.

32. Plaintiff was briefly unconscious and experienced pain to her neck, head, and facial areas.

33. Defendant officers arrived at the scene to investigate the accident.

34. Defendant officers briefly met with the plaintiff and claimed thereafter that she exhibited slurred speech.

35. While conceding on camera that they did not smell any alcohol on the plaintiff's breath and didn't have any basis for believing that she was drunk driving, the defendant officers somehow claimed in their police report that the plaintiff was driving while ability impaired by alcohol.

36. Plaintiff clearly stated on numerous occasions that she did not drink any alcohol and that she was injured and needed treatment for her injuries from the accident.

37. Plaintiff offered to take a breathalyzer test at the scene to confirm that she was not drunk and clearly stated that she did not want to be seen and/or treated for any alcohol-related issues.

38. Insisting that the plaintiff was driving while ability impaired by alcohol, the defendant officers refused to conduct a thorough investigation of the accident.

39. Defendant officers forcibly removed the plaintiff to the hospital and, working in cahoots with the physician defendants, forcibly sedated the plaintiff with psychotic medications including, but not limited to, Haldol and Versed to screen her for alcohol and drugs and to enforce compliance with the medical procedures upon the plaintiff, treated the plaintiff without her

consent, unlawfully assaulted, seized and/or arrested, and unreasonably detained the plaintiff with handcuffs and leg shackles for a lengthy period of time.

40. On December 1, 2024, plaintiff was discharged from the hospital by physician defendants.

41. Following her discharge, defendant officers transported plaintiff to NYPD-71st Precinct.

42. While at the precinct, defendant officers subjected the plaintiff to an illegal search.

43. Defendant officers also performed an illegal search of the plaintiff's vehicle.

44. Defendant officers' illegal search of the plaintiff and her vehicle did not yield any contraband.

45. Nonetheless, defendant officers continued to detain the plaintiff at the precinct.

46. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

47. At some point following her arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

48. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

49. Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

50. On or about December 1, 2024, plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including N.Y. VTL 1192(1) 'DWAI-consumption of alcohol' and N.Y. VTL 1192(3) 'DWI-1st offense'.

51. Upon arraignment, plaintiff was released on her own recognizance but was required to return to the criminal court to defend the false charges levied against her.

52. Plaintiff subsequently appeared before the criminal court on numerous occasions to defend the false charges levied against her.

53. On or about September 12, 2025, the false charges levied against plaintiff were summarily dismissed.

54. Each and every officer and/or individual who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

55. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

56. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against the individual defendants

57. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. The conduct of the individual defendants, as described herein, amounted to false arrest.

59. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

60. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

61. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of her person and property.

63. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

64. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

65. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION - against the individual defendants

66. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67. Defendant officers working in cahoots with the physician defendants forwarded to the prosecutors their falsified records and statements.

68. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

69. Plaintiff was arraigned on criminal court complaint(s) sworn to by defendant officers falsely charging the plaintiff with crimes.

70. Plaintiff was required to, and did, appear in court to defend herself from the false charges levied against her with malice by defendants.

71. Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

72. Eventually, the criminal proceedings terminated in plaintiff's favor.

73. The conduct of the individual defendants, as described herein, amounted to malicious prosecution.

74. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

75. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Stephens defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

76. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

77. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

78. In addition to other things, defendant officers falsely stated that the plaintiff was drunk driving and caused the accident.

79. The plaintiff was deprived of her liberty as a result.

80. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

81. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

82. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against the individual defendants

83. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. The conduct of the individual defendants, as described herein, amounted to excessive use of force.

85. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

86. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against the individual defendants

87. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. Defendants denied plaintiff the treatment needed to remedy her serious medical conditions and did so because of their deliberate indifference to her need for medical treatment and care.

89. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

90. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against individual defendants

91. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

93. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

94. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

95. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

96. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 95 of this complaint as though fully set forth herein.

97. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

98. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

99. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

100. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

101. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop and frisk and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiff, in order to arrest and maliciously prosecute them. *See, e.g., Maurice Scarboro v. City of New York* (24 CV 7447); *Jalen Jennings v. City of New York* (24 CV 7391); *Cvanti Sheppard v. City of New York* (24 CV 1985); *Brandon Benjamin v. City of New York* (24 CV 1983); *Bilal Jacks v. City of New York* (Case No. 20 CV 1012).

102. Defendant City has settled numerous lawsuits in this district against several police officers alleging, among other things, that the police officers unlawfully stopped and frisked, falsely arrested, and maliciously prosecuted the plaintiffs without probable cause. *See, e.g., Mike Josie v. City of New York* (24 CV 2476); *Venice King v. City of New York* (23 CV 9096); *Jayshawn Clemente v. City of New York* (23 CV 2702); *Tiara Weber v. City of New York* (22 CV 4518); *Tony Holley v. City of New York* (21 CV 4682); *Dwayne Holley v. City of New York* (21 CV 4681); *Mike Josie v. City of New York* (21 CV 2486); *Eddie Hoover v. City of New York* (21 CV 2484); *Bilal Jacks v. City of New York* (20 CV 1012); *Trevonne King v. City of New York* (19 CV 3361); *Shaheim Rogers v. City of New York* (19 CV 3360); *Mondaray Whitaker v. City of New York* (18 CV 6897).

103. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

104. As a result of defendant City's failure to properly train, supervise, discipline, or screen its police officers, defendant officers unlawfully arrested the plaintiff.

105. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

106. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

107. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

NINTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11, & 12 - against defendants

108. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

110. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

111. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

112. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

<u>TENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants</u>

113. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

115. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>ELEVENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants</u>

116. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

118. The conduct of the defendants, as described herein, amounted to assault and battery.

119. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

120. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121. The conduct of defendants, as described herein, amounted to malicious prosecution.

122. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

123. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

125. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

126. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803) - against defendants

127. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiff without probable cause or reasonable suspicion, subjecting the plaintiff and his properties to unreasonable searches and seizures, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

129. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENCE/MALPRACTICE - against defendants

130. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 129 of this complaint as though fully set forth herein.

131. The conduct of defendants, as described herein, amounted to negligence/malpractice.

132. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

133. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 132 of this complaint as though fully set forth herein.

134. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct

practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

135. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

136. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

137. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

138. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

139. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
March 2, 2026

UGO UZOH, P.C.

Ugochukwu Uzoh

By: Ugochukwu Uzoh
Attorney for the Plaintiff
56 Willoughby Street, Third Floor
Brooklyn, N.Y. 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com